**PUBLISH**
**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT BARNES,

    Plaintiff - Appellee,

v.

SECURITY LIFE OF DENVER
INSURANCE COMPANY,

    Defendant - Amicus Curiae.

------------------------------

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

    Movant - Appellant.

No. 18-1487
(D.C. No. 1:18-CV-00718-WJM-SKC)
(D. Colo.)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, **LUCERO**, **HARTZ**, **HOLMES**,
**MATHESON**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, and **CARSON**, Circuit
Judges.[*]

_____

This matter is before the court on *Plaintiff-Appellee's Petition for Panel
Rehearing and Rehearing En Banc* ("Petition"). We also have a response from Appellant.

---

[*]The Honorable Robert E. Bacharach is recused and did not participate in the
consideration of the Petition.

The request for panel rehearing is denied by a majority of the original panel members. Judge Hartz would grant panel rehearing.

The Petition and response were circulated to all non-recused judges of the court who are in regular active service, and a poll was called. A majority of the participating judges voted to deny the Petition. *See* Fed. R. App. P. 35(a). Consequently, Appellee's request for en banc rehearing is also denied.

Chief Judge Tymkovich, and Judges Hartz, Eid, and Carson voted to grant en banc rehearing. Judge Briscoe has filed a separate concurrence in the denial of en banc rehearing. Judge Hartz has written separately in dissent. Judge Hartz's dissent is joined by Chief Judge Tymkovich and Judges Eid and Carson.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

18–1487, *Barnes v. Security Life*

**BRISCOE**, Circuit Judge, concurring in the denial of *en banc* review.

I write briefly to comment on the dissent from the denial of *en banc* review.

The dissent suggests it "may be time for the Supreme Court to provide guidance to the lower courts on the meaning of 'unless existing parties adequately represent that interest' in Fed. R. Civ. P. 24(a)(2)." Dissent at 1. In support of this suggestion, the dissent asserts that the lower courts need more guidance from the Supreme Court on how to interpret this part of Rule 24(a)(2). The dissent in turn asserts that "[t]he majority opinion in this case interprets 'minimal showing' so broadly as to essentially eliminate the inadequate-representation requirement." *Id.*

Both of these assertions, however, are false. To be sure, it is true that the Supreme Court has not addressed Rule 24(a)(2)'s "adequate[] represent[ation]" on multiple occasions. But that is because the Court addressed the requirement in 1972 and, since that time, there has been little, if any, confusion on the part of the lower courts in interpreting the requirement. *See Trbovich v. Mine Workers*, 404 U.S. 528, 538 (1972). As for the majority opinion, it faithfully adheres to the Supreme Court's longstanding interpretation of Rule 24(a)(2)'s adequate representation requirement and does not, as asserted by the dissent, "essentially eliminate" the requirement.

Lastly, the dissent asserts that "[t]he professor who was the Reporter for the Civil Rules Committee when it submitted the present version of Rule 24(a) has written in terms of 'thrash[ing] out' whether representation would be adequate in the particular case," and that "[s]urely, that requires more than what Jackson and SLD have offered to satisfy the

inadequate-representation requirement."  Dissent at 3 (quoting *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure* (I), 81 Harv. L. Rev. 356, 402 (1967)).  In other words, the dissent seems to be suggesting that the professor was in favor of a more searching inquiry into the "adequate representation" issue.  The problem, however, is that the dissent has taken the professor's comments entirely out of context.  The professor's "thrash[ing] out" comment was directed at a prior version of Rule 24(a)(2) that provided for intervention as of right "'when the representation of the applicant's interest by existing parties [wa]s or m[ight] be inadequate and the applicant [wa]s or m[ight] be bound by a judgment in the action.'"  *Continuing Work*, 81 Harv. L. Rev. at 400.  It was the "bound by" language, which has since been abandoned, that created a dilemma for the federal courts and that prompted the professor's "thrash[ing] out" comment.

18-1487, *Barnes v. Security Lif*e

**HARTZ,** Circuit Judge, dissenting, in which Judges **TYMKOVICH**, **EID** and **CARSON** join:

I respectfully dissent from the denial of en banc review. But at least there is another possible remedy. It may be time for the Supreme Court to provide guidance to the lower courts on the meaning of "unless existing parties adequately represent that interest" in Fed. R. Civ. P. 24(a)(2). About all we have from the High Court is a footnote from half a century ago stating that a movant for intervention need only "show[] that representation of his interest 'may be' inadequate,"[1] and that "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).[2]

The majority opinion in this case interprets "minimal showing" so broadly as to essentially eliminate the inadequate-representation requirement. The facts relevant to intervention are simple. The plaintiffs claim that SLD breached the universal life

---

[1] The "may be" language did not come from the Rule applied by the Court but from an earlier version. *See United States v. Hooker Chems. & Plastics*, 749 F.2d 968, 986 n.16 (2d Cir. 1984) (Friendly, J.).

[2] Two other Supreme Court decisions have addressed whether the inadequate-representation requirement under present Rule 24(a)(2) was satisfied, but neither has been used by the lower courts as a source of guidance. *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129 (1967), has generally been viewed as sui generis. *See San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1191 (10th Cir. 2007) (en banc); *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 & n.4 (8th Cir. 1976). And the much more recent decision in *South Carolina v. North Carolina*, 558 U.S. 256 (2010), arose under the Court's original jurisdiction, so Rule 24 did not apply, although a footnote stated that a rebuffed movant for intervention also failed to satisfy the inadequate-representation requirement of the Rule, *see id*. at 276 n.8.

insurance policies issued to them by SLD because improper deductions were allegedly made from their policies' cash values. Jackson (an insurance company that had not entered into any contracts with the policyholders) had taken over the administration of some of those SLD policies (the Jackson policies), while SLD continued to administer others (the non-Jackson policies). Jackson has moved to intervene in the lawsuit, garnering the support of SLD and the opposition of the plaintiffs.

As explained more fully in my dissent from the panel opinion, SLD has every incentive in this lawsuit to vigorously defend the conduct of Jackson. To the extent that Jackson's conduct in administering Jackson policies is found to be improper, SLD (the sole defendant in the case) itself would be liable. And if SLD sought indemnification from Jackson for such misconduct (Jackson's contract with SLD includes an indemnification provision), SLD could not rely on the judgment in this case to show such misconduct if SLD had not adequately defended Jackson's administration of the policies during the litigation. *See* Restatement (Second) of Judgments § 57 (1982).

To be sure, there may be some special circumstance here, some conflict of interest, that would nevertheless make it in SLD's interest not to defend Jackson's administration of the Jackson policies. Perhaps defending Jackson's conduct would somehow suggest that SLD itself had not properly administered the non-Jackson policies. But Jackson and SLD have not even alleged such a conflict. They have suggested only that they may have differed in how they administered policies, without providing any reason why SLD could not present evidence and argument defending both methods of administration. Further, SLD and Jackson have provided no evidence that they in fact did administer their policies

2

differently.  This, despite the ready availability of such evidence if it exists.  After all,

Jackson's role was to take over the administration of policies that had previously been

administered by SLD.  It is hard to believe that Jackson did not know how SLD had been

administering the policies before Jackson took over.  If Jackson changed the way policies

were administered, it would certainly know that.

The professor who was the Reporter for the Civil Rules Committee when it

submitted the present version of Rule 24(a) has written in terms of "thrash[ing] out"

whether representation would be adequate in the particular case.  Benjamin Kaplan,

*Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil*

*Procedure* (I), 81 Harv. L. Rev. 356, 402 (1967).[3]  Surely, that requires more than what

Jackson and SLD have offered to satisfy the inadequate-representation requirement.  The

district court got it right.

---

[3] Judge Briscoe's concurrence in the denial of en banc review says that I have taken
Professor Kaplan's comment out of context—that it was directed at a prior version of
Rule 24(a).  Yes, the word *thrashed* does appear in a discussion of the superseded version
of the rule.  But the discussion is criticizing the prior rule and stating what the
commonsense approach should be—the approach adopted in the amended rule.